**Donald Earl FEHR, Plaintiff,**

**v.**

**McLEAN PACKAGING CORP., David Seidenberg and Sandy Albanese, Defendants.**

**Civ. A. No. 93–6108.**

United States District Court, E.D. Pennsylvania.

July 5, 1994.

Raymond Bush, Bethlehem, PA, for plaintiff.

Martin J. Sobol, Jeffrey P. Scarpello, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for defendant.

### MEMORANDUM

HUYETT, District Judge.

## I. INTRODUCTION

This action presents claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* Defendants move for summary judgment. For the reasons stated below, Defendants' motion is **DENIED** in its entirety.

## II. BACKGROUND

Donald Earl Fehr ("Plaintiff") was employed by McLean Packaging Corporation ("Defendant"), a manufacturer of cardboard boxes. In July of 1992, Plaintiff's supervisor requested that Plaintiff assist in loading trucks. The task required Plaintiff to work in a warm, confined space with minimal ventilation. Plaintiff refused to undertake the task, allegedly citing sensitivity to heat caused by medication for depression.[1] The supervisor explained that no other employee was available and that Plaintiff assist in loading trucks or be terminated.

1. Plaintiff was taking the drugs Prozac and Zestril.

2. A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Defendants do not in this motion

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court's role is to determine "whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Josey v. John R. Hollingworth Corp.,* 996 F.2d 632, 637 (3d Cir.1993). The moving party has the burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Further, the evidence must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, if the nonmoving party fails to adduce sufficient evidence in connection with an essential element of the case for which it has the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

## IV. DISCUSSION

### A. ADA Claim

ADA prohibits discrimination in employment matters against qualified individuals with a disability.[2] Plaintiff claims Defendants constructively discharged him because of a disability. Defendants move for summary judgment on the grounds that Plaintiff is not an individual with a disability.

Under the ADA "disability" is: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having an impairment. 42 U.S.C. § 12102(2).[3] An individual must satisfy at least one of these

dispute that Plaintiff was qualified for his position.

3. The term "substantially limits" means "unable to perform a major life activity" or significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity. 29 C.F.R. 1630.-2(j).

parts to be considered an individual with a disability.

■ Plaintiff alleges that his hypertension and depression, indirectly through his medication, substantially limited his ability to breath.[4] Breathing is unquestionably a major life function. 29 C.F.R. 1630.2(j). It makes no difference whether the major life function is affected directly by a disability or indirectly by the side effects of medication taken for a medical or physical condition. *Guice–Mills v. Derwinski*, 967 F.2d 794, 797 (2d Cir.1992) (plaintiff's medication regime interfered with ability to arrive at work on time); *Overton v. Reilly*, 977 F.2d 1190, 1195 (7th Cir.1992) (medication caused plaintiff to be drowsy at work).

■ Whether Plaintiff suffered a *substantial* limitation of breathing in warm confined areas is a question of fact which precludes the Court from granting this motion as long as Plaintiff has presented a modicum of evidence to support its position. Plaintiff's physician submitted a certification stating that Plaintiff's medication produced shortness of breath when exposed to hot and confined areas. The physician's certification and Plaintiff's statements constitute more than a modicum of evidence.

### B. *Pennsylvania Human Relations Act Claim*

Under PHRA, 43 P.S. § 951, *et seq.*, an employer may not discharge or otherwise discriminate on the basis of a non-job related handicap or disability. 43 P.S. § 955(a). As Defendants acknowledge, the PHRA definition of "disability" is coextensive with ADA definition. Accordingly, a material issue of fact exists with respect to whether Plaintiff is disabled under PHRA.

### C. *Employment Application Fraud*

■ Defendants argue that because Plaintiff allegedly omitted any reference to his disability on his employment application he is barred from recovery. This argument has no merit. The only relevant question on the application simply asked whether applicant had any physical limitations that precluded him from performing any work for which he was being considered. Plaintiff checked the box marked "No". The Court is not persuaded that this was answer was false. The question inquired as to physical limitations, not mental ones. Plaintiff states that his primary disability results from a mental impairment. Moreover, Plaintiff alleges that he could perform the essential tasks of the jobs to which he was assigned, general floor helper and corner cutter. He argues only that his disability precluded him from performing tasks unrelated to these positions. The Court cannot find as a matter of law that Plaintiff supplied untruthful answers on his employment application barring recovery.

## V. *CONCLUSION*

For the reasons stated above, the Court finds that material issues of fact are disputed, precluding summary judgment. Accordingly, Defendants' motion is DENIED in its entirety. An appropriate Order is attached.

---

4. Defendants also argue that Plaintiff does not fall within Category (2) or (3). With respect to Category (2), Plaintiff claims he had a prior history of alcoholism of which Defendant was allegedly aware. Category (2) is satisfied if a record relied upon by an employer shows that the individual has a substantially limiting impairment. 29 C.F.R. 1630.2(k). This issue involves the inherently factual question of whether the employer had particular knowledge. Plaintiff has presented sufficient evidence on this point in the form of deposition testimony and doctor appointment forms to withstand a motion for summary judgment.

With respect to Category (3), Plaintiff does not even allege that he falls within its definition.