United States Court of Appeals,

Fifth Circuit.

No. 95-60402

Summary Calendar.

Kevin OSWALT, Plaintiff-Appellant,

v.

SARA LEE CORPORATION, d/b/a Bryan Foods, Inc., Defendant-Appellee.

Feb. 6, 1996.

Appeal from the United States District Court for the Northern District of Mississippi.

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

## I. PROCEDURAL HISTORY

Kevin Oswalt, an employee of Bryan Foods, Inc., brought this action against the defendant alleging claims of wrongful discharge in violation of his rights under the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA). The district court granted the defendant's motion for summary judgment on both claims. A full recital of the pertinent facts is included in the lower court's opinion. *See Oswalt v. Sara Lee Corp.,* 889 F.Supp. 253, 255 (N.D.Miss.1995).

## II. ANALYSIS

This court reviews a district court's decision to grant summary judgment *de novo. Moore v. Eli Lilly & Co.,* 990 F.2d 812, 815 (5th Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993). Summary judgment is appropriate where the movant demonstrates the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Slaughter v. Southern Talc Co.,* 949 F.2d 167, 170 (5th Cir.1991). Whether there exists a genuine issue of material fact is determined by whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

1. *ADA Claim:*

To sustain a claim of wrongful discharge under the ADA, Oswalt must be a person with a "disability." The statutory definition of "disability" includes "a physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A). According to Oswalt, his physical impairment was his high blood pressure, and this impairment substantially limited a major life activity when his doctor authorized him to miss work while he adjusted to medication.

The Equal Employment Opportunity Commission has set forth factors that should be considered in determining whether an individual is substantially limited in a major life activity. These include (1) the nature and severity of the impairment; (2) the duration of the impairment; and (3) the long term impact of the impairment. *See* 29 C.F.R. § 1630.2(j)(2).

In this case, Oswalt has provided no evidence to show that either the high blood pressure or the alleged side effects from the medication substantially limited his job. We agree with the district court that "[h]igh blood pressure alone, without any evidence that it substantially affects one or more major life activities, is insufficient to bring an employee within the protection of the ADA." *Oswalt,* 889 F.Supp. at 258. We do not imply that high blood pressure in general can never be a "disability," as defined by the statute. We hold only that Oswalt failed to provide any evidence that *his* high blood pressure substantially limited a major life activity.

2. *FMLA Claim:*

The FMLA provides that an eligible employee shall be entitled to leave from work when he has a "serious health condition" that makes him "unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1). "Serious health condition" involves either inpatient care in a medical care facility or continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

According to Oswalt, his serious health condition included both his high blood pressure and an unrelated case of food poisoning. The food poisoning required neither inpatient care nor continued medical treatment and was therefore not a "serious health condition" within the meaning of the statute. The high blood pressure, however, did apparently involve continued treatment and

therefore could be considered a "serious health condition."

Nevertheless, the period of work Oswalt missed allegedly due to his high blood pressure medication was in July of 1993.  The FMLA did not go into effect until August 5, 1993.  29 C.F.R. § 825.102.  Any leave taken prior to the effective date is not protected by the FMLA.  29 C.F.R. § 825.103(a).

The district court's granting of the defendant's motion for summary judgment is therefore AFFIRMED as to both the ADA and the FMLA claims.