**Ginger S. JERINA, Plaintiff,**

v.

**RICHARDSON AUTOMOTIVE INC.,
d/b/a Toyota of Richardson,
Defendant.**

**Civil Action No. 3:94–CV–2025–D.**

United States District Court,
N.D. Texas,
Dallas Division.

March 17, 1997.

George William Baab, Baab & Denison, Dallas, TX, for Michael J. Jerina and Ginger S. Jerina.

Laura Marie Franze, Michael Brett Burns, Akin Gump Strauss Hauer & Feld, Robert C. Sullivan, Sullivan Parker & Cook, Richard Todd Cheatham, Law Office of Cheatham, Dallas, TX, for Richardson Automotive, Inc.

### MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Plaintiff Ginger S. Jerina ("Jerina"), as successor to her late husband Michael J. Jerina ("Michael"),[1] sues defendant Richardson Automotive, Inc., d/b/a Toyota of Richardson ("Richardson"), contending that Richardson is liable for violating the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("the ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601–2654 ("FMLA"), and for retaliating against Michael, in violation of the ADA and FMLA. Richardson moves for summary judgment. For the reasons that follow, the court grants the motion.[2]

---

**1.** Following Michael's death, Jerina was substituted as plaintiff.

**2.** In opposition to Richardson's motion, Jerina has filed a motion for protective order, pursuant

## I

Richardson employed Michael as a Service Manager. Jerina alleges that Michael suffered from Chronic Fatigue Syndrome, depression, panic disorder, and high blood pressure related to other disabilities. She maintains that Richardson refused to make reasonable accommodation for his disabilities and discriminated against him by firing him after he requested time off due to physical tension and feelings of stress related to his medical conditions. She alleges that Richardson violated the FMLA by failing to provide Michael with leave because of his serious health conditions. Jerina also contends that Richardson retaliated against Michael for exercising his rights under the ADA and FMLA.

Richardson moves for summary judgment on the grounds that Jerina's claims predate the effective date of the FMLA and that there is insufficient summary judgment evidence supporting his discrimination and retaliation claims under the ADA.

## II

Jerina agrees that her FMLA claim must be dismissed. P. Resp. at 8–9. She also concedes that she cannot establish that Richardson retaliated against Michael, in violation of the ADA. *Id.* at 19 n. 9. Summary judgment is therefore granted dismissing Jerina's FMLA claim and her ADA retaliation claim.

## III

The court now turns to Jerina's ADA discrimination claim.

### A

■ The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual...." 42 U.S.C. § 12112(a). The elements of Jerina's claim

are that (1) Michael had a disability; (2) he was qualified for the job; and (3) an adverse employment decision was made solely because of his disability. *Rizzo v. Children's World Learning Ctrs. Inc.*, 84 F.3d 758, 763 (5th Cir.1996).

### B

■ Jerina must demonstrate that Michael is a person with a "disability." *See Oswalt v. Sara Lee Corp.*, 74 F.3d 91, 92 (5th Cir.1996) (per curiam). The ADA defines "disability" as a physical or mental impairment, a record of such an impairment, or being perceived as having such an impairment. 42 U.S.C. § 12102(2).[3] In all cases, the impairment must substantially limit one or more major life activities of the individual. *See Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir.1996), *cert. denied*, — U.S. ——, 117 S.Ct. 770, 136 L.Ed.2d 715 (1997). "Major life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). "Substantially limits ... means ... (i)[u]nable to perform a major life activity that the average person in the general population can perform; or (ii)[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity." 29 C.F.R. § 1630.2(j)(1)(i) & (ii) (1997).

■ The only major life activity that Jerina alleges was substantially limited by Michael's impairments is the activity of work.[4] With regard to this major life activity,

[t]he term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad

---

to which she seeks to file opposition affidavits by affiants who are required to disclose their identities only to the court *in camera* in order to avoid retaliation by Richardson. Because the evidence in the affidavits does not alter the outcome of the court's decision, it need to decide this motion or Richardson's opposition thereto.

**3.** Jerina bases her claim solely on Michael's actual disability rather than on a record of such an impairment or being regarded as having such an impairment.

**4.** Jerina does not maintain that Michael's high blood pressure or inability to sleep are of themselves sufficient to constitute disabilities.

range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i) (1997). "An impairment that affects only a narrow range of jobs can be regarded either as not reaching a major life activity or as not substantially limiting one." *Chandler v. City of Dallas*, 2 F.3d 1385, 1392 (5th Cir.1993) (quoting *Jasany v. United States Postal Serv.*, 755 F.2d 1244, 1249 n. 3 (6th Cir.1985)), *cert. denied*, 511 U.S. 1011, 114 S.Ct. 1386, 128 L.Ed.2d 61 (1994). An impairment may affect only a narrow range of jobs even though its impact is not numerically insignificant. *Id.* at 1392 n. 29.

Jerina has not submitted sufficient evidence of disability to avoid summary judgment. Jerina relies upon the affidavit of Michael's physician, Wayne C. Jones, M.D. (Dr. Jones), to establish the limitations related to Michael's disability. Dr. Jones avers that

> [Michael's] diagnosed disabilities, chronic fatigue syndrome, depression, and panic disorder, interfered with his normal life activities. These disabilities interfered from time to time with his ability to sleep, and caused him to be temporarily unable to work under circumstances when he was confronted with and experienced extreme stress....

Jones Aff. at 1–2. He further explains in a letter that, in his opinion, Michael's inability to return to work was a product of a confrontation between Michael and Richardson's General Manager regarding major policy changes in the Service Department.

Even taking Dr. Jones' opinion of Michael's condition as true, Jerina has not adduced evidence that Michael's ability to work was substantially impaired. Although Dr. Jones' testimony establishes that Michael could not immediately return to his current job, it does not address whether he could perform a myriad of similar jobs. In *Bridges* the Fifth Circuit affirmed the entry of summary judgment based upon similar evidence. The plaintiff in *Bridges* maintained that he

was disabled because he was regarded as being disqualified from jobs involving "routine exposure to extreme trauma," particularly employment as a firefighter. *Bridges*, 92 F.3d at 329, 331. The panel held that summary judgment was appropriate because a limitation that precludes only firefighting jobs is too narrow a field to describe a "class of jobs" under 29 C.F.R. § 1630.2(j)(3)(i). *Id.* at 334–36. Further, the panel noted an absence of record evidence supporting the plaintiff's claim that other jobs—such as military service, construction work, or manufacturing and machinery processing—also involved routine exposure to extreme trauma. *Id.* at 333.

The summary judgment evidence does not support Jerina's attempt to argue that Michael was disqualified from working. The underlying factual question is how many and which jobs involve routine exposure to the type of "extreme stress" that Michael's condition rendered him incapable of tolerating. *See id.* Like the plaintiff in *Bridges*, Jerina has failed to adduce any evidence that jobs other than the one Michael held would subject him to extreme conditions that he could not tolerate. Jerina's evidence does not even go so far as to suggest Michael's inability to work in the same position—Service Manager of an automobile dealership—for another employer. The inability to work for a particular employer does not constitute a disability. *See Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 (7th Cir.1996). There is no evidence, therefore, of a substantial limitation on Michael's ability to work.

Jerina's inability to establish that Michael is disabled within the meaning of the ADA is alone sufficient to require the entry of summary judgment. *See Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 728 (5th Cir.1995). The court need not, therefore, reach Richardson's other arguments.

\* \* \* \* \* \*

Richardson's motion for summary judgment is granted, and this action is dismissed by judgment filed today.

SO ORDERED.