PER CURIAM.
Wright, a former employee of the Department of Children and Families, seeks review of a final order of the Public Employees Relations Commission which, in accordance with the hearing officer’s recommended order, affirmed his dismissal from employment. With respect to the issues raised before us, the final order under review states:
Briefly summarized, the facts as found by the hearing officer reveal that Wright was employed at the South Florida Evaluation and Treatment Center (Center) as a unit treatment rehabilitation specialist. Wright provided assistance to “special needs patients” who required aid in virtually every aspect of daily life. Wright was unexpectedly absent from work on August 15, September 26 and 29, October 11 and 25, and November 18,1996. At some point in 1996, Wright had an abscessed tooth which became infected. Wright visited his dentist on several occasions and eventually had the tooth pulled. For all except, the November 18 absence, siek leave was authorized for Wright and he was not required to produce medical certification to account for his absences. For his absence on November 18, Wright utilized one-half hour of annual leave. The remaining seven and one-half hours of absence on November 18 were covered by overtime worked by Wright on the previous day.
In late November, 1996, Wright became ill with gastritis, hepatitis A, bronchitis, and acute arthritis. As a result, Wright was under a physician’s care for approximately one month from December 2, 1996, through January 3, 1997. Wright informed his supervisor he was ill and periodically apprised the Agency of his condition. He provided medical certification for these absences..
Wright was late to work on August 16 and 29, and October 5, 6, 13, and 19, 1996. Wright does not recall why he was tardy on these dates, and no one in his supervisory chain of command discussed his tardiness with him.
The Center’s operating procedures provide that four or more days of absence within any sixty day calendar day period is considered excessive absenteeism and four or more days of being tardy within sixty calendar days is considered to be excessive tardiness.
******
In exception two, Wright challenges the hearing officer’s determination that the Agency has the authority to discipline him for the use of approved leave. Wright argues that a justified absence supported by earned leave cannot be considered a disciplinary offense, and that he was entitled to the protection afforded by the Family Medical Leave Act (FMLA) for “all the sick leave absences he had in the fall and early winter of 1996-97.”
The Commission has long held that “an essential element of employment is to be on the job when one is expected to be there.” Alston v. Department of Health and Rehabilitative Services, 2 FCSR ¶ 120 at 886 (1987). Further, the fact that there may be legitimate reasons for unexpected absences does not excuse “an inability to perform work with a reasonable degree of regularity.” Shawki v. Department of Revenue, 11 FCSR ¶011 at 57 (1996). Thus, the Commission has determined that an “agency is not precluded from discharging an employee for continuously missing work unexpectantly even though the absences are justifiable.” Id.
The issue of whether Wright was excessively absent from work is a close question. In reaching our decision we have considered, but decline to apply, the Center’s operating procedure which provides that four absences within a sixty day period constitute excessive absence. In our view this rule establishes an arbitrary and inflexible standard by which we will not be bound. Rather, in determining whether an employee has been excessively absent, we will consider all the circumstances surrounding the employee’s absences. We note, however, that the Center’s operating procedure did serve .to provide Wright with notice that his absences could subject him to discipline.
Upon consideration, we conclude that the totality of the circumstances in this *832 case demonstrates that Wright’s absences from August 15 to November 18 were excessive. Wright has been disciplined on three prior occasions for excessive absences, the most recent being a ten-day suspension in October 1995. Wright had notice of the Agency’s operating procedure defining excessive absence and was aware that his failure to report to work could result in disciplinary action.
We have also considered the work environment in which Wright was employed, and the effect his absences had on the efficient operation of the work place. Wright worked in a health care facility which has minimum staffing requirements. Wright’s duties required him to bath, change, dress, and feed special needs patients. These responsibilities had to be performed on a daily basis, and Wright’s absences necessitated the assignment of other employees to perform his job functions. Thus, Wright’s absences had the potential to adversely affect the Agency’s ability to provide adequate health care services to patients. In light of all these circumstances, we conclude that the Agency had cause to discipline Wright for excessive absenteeism for absences from August 15 to November 18.
Wright also argues that the imposition of discipline for the use of approved sick leave violates the rights afforded employees under the FMLA. The employee has the burden to establish that he is protected under the FMLA. Oswalt v. Sara Lee Corp., 889 F.Supp. 253 (N.D.Miss.1995), aff'd, 74 F.3d 91 (5th Cir.1996). The FMLA provides, in pertinent part, that an employee who seeks leave for medical reasons must establish that he suffers from a “serious health condition.” This term, serious health condition, is defined as an illness that involves inpatient care at a medical facility or “continuing treatment by a health care provider.” 29 U.S.C. § 2611(11) (1993).
Wright did not work at the Center from December 2, 1996, through January 3, 1997. These absences were attributable to the hepatitis, gastritis, and bronchitis he contracted sometime in late November 1996. However, there is insufficient evidence to demonstrate that Wright’s absences from August 15 to November 18, 1996, were also the result of these Alness-es. Although Wright suffered from an abscessed tooth sometime in 1996, the record does not establish that he possessed a qualifying “serious health condition” as required by the FMLA for these absences. Accordingly, exception two is denied.
5¡« * * * í|4 *
Upon review of the entire record, including the transcript of the evidentiary hearing, we conclude that the hearing officer’s findings of fact are based upon competent, substantial evidence received in proceedings which comply with the essential requirements of law. Additionally, except as noted above, we are in agreement with the hearing officer’s analysis of the dispositive legal issues, her conclusions of law, and her recommendations. Accordingly, the hearing officer’s recommended order, which is incorporated herein, is ADOPTED as the Commission’s final order. Wright’s dismissal is affirmed and his appeal is DISMISSED.
Because we entirely agree with these conclusions, the final order is
Affirmed.