Kevin **BALTUSKONIS**, Plaintiff,

v.

**US AIRWAYS, INC.**, Defendant.

**No. Civ.A. 98–CV–1360.**

United States District Court,
E.D. Pennsylvania.

Aug. 17, 1999.

Jonathan H. Stanwood, Media, PA, for plaintiff.

Tom A. Jerman, Emily A. Kline, O'Melveny & Myers LLP, Washington, DC, Barbara Rittinger Rigo, Buchanan Ingersoll, P.C., Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This is a civil action brought by Plaintiff, Kevin Baltuskonis ("Baltuskonis") against Defendant, U.S. Airways, Inc., ("US Airways") alleging U.S. Airways terminated his employment in violation of the Family and Medical Leave Act of 1993, 29 U.S.C.A. § 2601 et seq. (1999) ("FMLA"). Presently before the court is U.S. Airways' Motion for Summary Judgment pursuant to Federal Rule 56 of Civil Procedure. For the following reasons, U.S. Airways' motion shall be granted.

### Background

US Airways employed Baltuskonis as a utility worker at the Philadelphia International Airport from November 4, 1994 to March 21, 1996. On March 15, 1996 Bal-

tuskonis called his supervisor, Kris Mikkelborg ("Mikkelborg") to report off work and also indicated that he would not be into work on the following day, March 16, 1996. He was told by Mikkelborg to bring a doctor's note. He returned to work on March 17, 1996 with the note. Pursuant to U.S. Airways policy, Baltuskonis attended an attendance interview with foreman Bruce Griffin ("Griffin"). At the interview Baltuskonis gave Griffin the doctor's note.

The note and Griffin's Record of Attendance Discussion Form were forwarded to Administrative Assistant Judy Combs ("Combs"). It became evident to Combs that portions of the doctor's note were altered. The reference to "Kevin and his" and the return date "3/17/96" on the doctor's note were in different handwriting and ink than the writing of the rest of the note. Combs contacted the doctor's office to discover that the doctor examined and treated Baltuskonis' daughter and not Baltuskonis. A nurse from the doctor's office told Combs that she did not write the words "Kevin and his" and did not fill out the return date to work as "3/17/96."

Production Foreman Alex Deputron ("Deputron") met with Baltuskonis to question Baltuskonis about his absence and the note. Baltuskonis only stated that he had not altered the doctor's note. Baltuskonis' wife actually altered the note. On March 21, 1996, Deputron terminated Baltuskonis for misrepresentation to obtain employee benefits in violation of U.S. Airways' Posted Rule of Conduct No. 32. On March 11, 1998, Baltuskonis filed suit. US Airways now moves for summary judgment.

### *Discussion*

### I. Summary Judgment Standard

The standards applicable to summary judgment motions are well established. Under Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,*

477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party does not have to disprove the opposing party's claim, but does have the burden to show the absence of any genuine issues of material fact based on relevant portions of the pleadings, depositions, answers to interrogatories, and admissions in the file. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

Once the moving party meets this burden, the burden shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine issue in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986), *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. The non-moving party must go beyond the pleadings, its own affidavits, and depositions to show that there is a genuine issue for trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. In fact, the non-moving party must furnish sufficient evidence favoring the non-moving party that would enable a jury to return a verdict in its favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511–12, *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. An action is void of a material issue for trial where the evidence, taken as a whole, could not lead a jury to find for the non-moving party. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). We remain mindful, however, that in ruling on a motion for summary judgment, we must review the facts in the light most favorable to the plaintiff. *Id.*

### II. FMLA

Baltuskonis brought suit under Section 105(a) of the FMLA, 29 U.S.C.A. § 2615(a). FMLA § 105(a) provides that:

**(1) Exercise of rights**

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

### (2) Discrimination

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

29 U.S.C.A. § 2615(a). Because Baltuskonis did not dispute U.S. Airways' assumption that he was only bringing a claim for retaliatory discharge under FMLA § 501(a)(2) and not a claim for interference with the exercise of rights under FMLA § 501(a)(1), however, the court will treat his FMLA claim as merely one for retaliatory discharge.

■ The proper analysis for FMLA § 501(a)(2) claims is the *McDonnell Douglas* burden shifting approach. *See Churchill v. Star Enterprises*, 183 F.3d 184 (3d Cir.1999); *Holmes v. Pizza Hut of America, Inc.*, No. 97–4967, 1998 WL 564433 at *7 (E.D.Pa. Aug.31, 1998); *see also Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir.1998). The plaintiff can prove FMLA discrimination by direct evidence or indirectly through a series of shifting burdens of proof. *Oswalt v. Sara Lee*, 889 F.Supp. 253, 258–59 (N.D.Miss.1995), aff'd, 74 F.3d 91 (5th Cir. 1996).

■ Under the *McDonnell Douglas* burden shifting analysis, the plaintiff must first establish a prima facie case of FMLA discrimination. *Id.* If a prima facie case is established, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment decision. *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1065–67 (3d Cir.1996). Finally, if a legitimate non-discriminatory reason is provided, the plaintiff must present evidence to show that the defendant's proffered reasons were not its true reasons, but were merely a pretext for its illegal action. *Sheridan*, 100 F.3d at 1065–67. The ultimate burden of persuading the trier of fact of the defendant's intentional discrimination remains with the plaintiff at all times. *Id.*

### A. Prima Facie Case

■ US Airways moves for summary judgment arguing that Baltuskonis cannot establish a prima facie case of retaliation under the FMLA. To prove a prima facie case of retaliation, Baltuskonis must show that: 1) he is protected under the FMLA, 2) he suffered an adverse employment action and 3) a causal connection exists between the adverse decision and plaintiff's exercise of his or her FMLA rights. *Oswalt v. Sara Lee*, 889 F.Supp. 253, 258–59 (N.D.Miss.1995), aff'd, 74 F.3d 91 (5th Cir. 1996). The third element is at issue here.

■ US Airways asserts that Baltuskonis cannot show that his termination was a result of taking FMLA leave because he testified at his deposition that U.S. Airways retaliated against him for grieving a previous disciplinary action. To demonstrate this, U.S. Airways refers the court to portions of Baltukonis' deposition testimony. However, this testimony does not correspond to any testimony attached to U.S. Airway's Memorandum in support of its motion for summary judgment. *Compare* (Def.'s Mem.Supp.Mot.Summ.J. at 7–8) *with* (Def.'s Mem.Supp.Mot.Summ.J.Ex. A at 54). That being the case, U.S. Airways fails to show the absence of genuine issue of material fact as to whether Baltuskonis has proffered sufficient evidence to satisfy a prima facie case of retaliation under the FMLA. The sheer proximity in time between his FMLA leave and termination establishes the necessary causal connection even though he provided an altered doctor's note to U.S. Airways. *See Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 168 (1st Cir.1998) (stating that close temporal proximity between two events may give rise to inference of causal connection).

### B. Showing of Pretext

■ Because U.S. Airways can demonstrate its reason to terminate him was legitimate and nondiscriminatory,[1] Baltus-

---

1. To satisfy its' burden, U.S. Airways clearly set forth reasons for its actions that support a

konis now must establish that U.S. Airway's legitimate .and nondiscriminatory reason for discharging him was merely a pretext for retaliatory animus in violation of FMLA § 501(a)(2). Baltuskonis must:

> point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

*Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir.1994). *See Simpson v. Kay Jewelers, Div. Of Sterling, Inc.,* 142 F.3d 639, 644 (3d Cir.1998). The first prong does not require the plaintiff to "produce evidence that necessarily leads to the conclusion that the employer acted for discriminatory reasons, ... nor produce additional evidence beyond her prima facie case[.]" *Simpson,* 142 F.3d at 644 (internal citations omitted). Nevertheless, the plaintiff must point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons [such] that a reasonable factfinder could rationally find them unworthy of credence" *Fuentes,* 32 F.3d at 764–65 (internal quotations omitted). The second prong mandates that the plaintiff "point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision." *Simpson,* 142 F.3d at 644–45 (citing *Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101, 1111 (3d Cir.1997)).

Baltuskonis argues that U.S. Airway's reason for discharge was merely a pretext because of the temporal proximity between his FMLA leave on March 15, 1996 and his termination six days later on March 21, 1996 and the perceived animosity directed at him from U.S. Airways after he grieved a prior disciplinary action. He also asserts that U.S. Airways offers no evidence that he actually altered the note because his wife is the one who changed the doctor's note without his knowledge. In addition, Baltuskonis argues that jury members should view the note itself because they can just as reasonably conclude that a forgery or misrepresentation was not intended by the note's modification. Because Combs testified at an unemployment hearing that there was a remarkable difference in handwriting and ink, Baltuskonis also contends that if he really intended an intentional misrepresentation, a less obvious modification would have been made.

Although temporal proximity is relevant for determining whether the causal element of the prima facie case has been established, *see Hodgens,* 144 F.3d at 168, Baltuskonis fails to demonstrate its relevancy to the showing of pretext requirement. He also fails to offer any evidence to show that U.S. Airways may have terminated him in retaliation for a prior grievance. It is clear, however, that he gave U.S. Airways an altered doctor's note. It is irrelevant whether he altered it or whether different interpretations of the alterations to the note are possible. US Airways received an altered doctor's note from Baltuskonis and terminated him for fraudulently attempting to receive sick

finding that unlawful discrimination was not the cause of the employment decision. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 2746, 125 L.Ed.2d 407 (1993). US Airways asserts that Baltuskonis was terminated for falsely representing that he was ill and altered a doctor's note in order to obtain sick pay for two days. US Airways further asserts that it had a good faith belief that Baltuskonis falsified the doctor's note in order to obtain sick pay. Baltuskonis clearly gave U.S. Airways an altered doctor's note. We find that U.S. Airways' explanation is un-

related to FMLA discrimination and therefore satisfies the second prong of the *McDonnell Douglas* test. US Airways needs only to produce an explanation, not justify it. See *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Since we have determined that U.S. Airways gave a legitimate nondiscriminatory explanation for Baltuskonis' termination, we do not need to address U.S. Airways' third argument that he failed to give U.S. Airways sufficient notice.

pay. Baltuskonis has failed to prove either his termination was motivated by his FMLA leave to care for his sick daughter or U.S. Airways' proffered reason for his termination was pretext for an improper motive. Accordingly, he has failed to establish that U.S. Airways violated his rights under FMLA § 501(a)(2).

### Conclusion

An appropriate Order follows.

### ORDER

AND NOW, this 17th day of August, 1999, upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's Response thereto, it is hereby ordered that the Motion is GRANTED for the reasons set forth in the preceding Memorandum.