Michelle ALIFANO,

v.

MERCK & CO., INC. and Thomas
D. McQuarrie.

No. CIV.A. 01–CV–1825.

United States District Court,
E.D. Pennsylvania.

Dec. 7, 2001.

Michael I. Levin, Anne E. Hendricks, Levin Legal Group, P.C., Huntingdon Valley, PA, for plaintiff.

Michael S. Burkhardt, John Soumilas, Morgan, Lewis & Bockius, LLP, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This case has been brought before the court on motion of the defendants to dismiss for failure to state a claim upon which relief can be granted. Having now carefully reviewed the record produced by the parties and for the reasons set forth below, the motion shall be granted in part and denied in part and Plaintiff's claim under the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* is dismissed.

### Factual Background

Plaintiff was employed by Defendants as a security investigator beginning on January 5, 1998. The job required her to spend a large percentage of her time traveling throughout the northeastern part of the United States. In early 1999, Plaintiff became seriously ill with what was later diagnosed as fibromyalgia and chronic fatigue syndrome. Her symptoms included chronic fatigue, body aches and pains, headaches, nausea, palpitations, lightheadedness and insomnia. Plaintiff began a medical disability leave of absence in late June 1999.

Around mid-September 1999, Plaintiff informed the Defendants that she could return to work with the following restrictions: (1) she could not work more than eight hours a day; and (2) she could not travel for work except for travel to and from the office. Throughout September, October, November and December 1999, Plaintiff asked Defendants, at least once a week, when she could return to work. During these conversations, Defendants replied that they were attempting to find a suitable position for her. Plaintiff applied for several other positions within the company, but without success. In December 1999, Defendants offered Plaintiff a security investigator position in Los Angeles, California, but Plaintiff declined the offer because it did not accommodate her medical restrictions. The Defendants stopped paying her a salary as of January 2000, but kept her under their employ to give her time to apply for other positions within the company. When she did not return to her security investigator position, Defendants deemed her to have abandoned her job and terminated her employment on July 28, 2000.

### Standards Governing Rule 12(b)(6) Motions

A motion to dismiss should not be granted unless it "appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In deciding a motion to dismiss, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn from them, construing them in the light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990). The court may consider "matters of public record, orders, exhibits attached to the Complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994).

### Discussion

A. *Count I: Violation of the Family Medical Leave Act.*

Plaintiff claims that Defendants violated her rights under the Family Medical Leave Act (FMLA) pursuant to 29 U.S.C. §§ 2601 –2654 when Defendants (1) failed to provide her with adequate notice of her rights; (2) failed to provide her with adequate written notice explaining the specific expectations and obligations and the consequences of a failure to meet these obligations; (3) discouraged her from exercising her rights under the FMLA; (4) failed to engage in the interactive process with her; (5) discriminated against her on the basis of her serious health condition; (6) failed to provide her with reasonable accommodations; and (7) wrongfully terminated her because of her disability and her attempt to exercise her rights under the FMLA. Plaintiff further alleges that Defendants' actions and failure to comply with FMLA requirements constitute a violation of Section 2615(a)(1), which prohibits interference with an employee's exercise of her FMLA rights. 29 U.S.C. § 2615(a)(1).

Generally, the FMLA provides eligible employees with the right to take up to 12 work-weeks of leave during a 12–month period for a serious health condition. 29 U.S.C. § 2612(a)(1)(D). At the end of the leave period, the employee has the right to be restored to her former position or an equivalent position. 29 U.S.C. § 2614(a)(1).

In Section 2615(a)(1), the FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Section 2615(a)(2) makes it unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). The federal regulations interpret section 2615(a)(2) as providing a cause of action for employees who have been discriminated against in retaliation for taking FMLA leave. *See*, 29 C.F.R. § 825.220(c).

▮ Courts have refused to recognize a valid claim for interference in the absence of any injury. *Voorhees v. Time Warner Cable Nat'l Div.*, 1999 WL 673062, 1999 U.S. Dist. LEXIS 13227 (E.D.Pa.1999); *Fry v. First Fidelity Bancorp.*, 1996 WL 36910, 1996 U.S. Dist. LEXIS 875 (E.D.Pa. 1996). *See Also: Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274 (11th Cir.1999); *LaCoparra v. Pergament Home Centers, Inc.*, 982 F.Supp. 213 (S.D.N.Y.1997). In order for Plaintiff to state a cause of action for interference with her FMLA rights, she must claim that the alleged interference caused her to forfeit her FMLA protections. *See: Voorhees* at *4; *Graham, supra*.

In this case, Plaintiff's Complaint does not allege that the Defendants denied her entitlement to leave nor does it allege that Defendants failed to restore her to her previous position. Thus, she has not successfully alleged any forfeiture of her FMLA rights. Since the Plaintiff has

failed to allege any FMLA violations, the court finds that her claim regarding Defendants' interference with her FMLA rights do not state a claim upon which relief can be granted.

■ Plaintiff also alleges that the Defendants discriminated against her on the basis of her serious health condition, failed to provide her with reasonable accommodations, and wrongfully terminated her because of her disability and her attempt to exercise her rights under the FMLA. Defendants seek to dismiss these allegations on the grounds that under the FMLA, an employer is under no obligation to provide reasonable accommodation to an employee returning from medical disability leave. We agree.

■ Unlike the Americans with Disabilities Act (ADA), the FMLA does not require an employer to reasonably accommodate an employee's serious health condition. *See:* 29 C.F.R. § 825.702(a) and 29 C.F.R. § 825.214(b). The regulations also make clear that if the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA. 29 C.F.R. § 825.214(b). Accordingly, since Plaintiff could not return to work and perform her job, terminating her employment did not amount to any violation of the Plaintiff's FMLA rights and she has therefore failed to state a cognizable cause of action under the FMLA on this basis.

The court shall also grant the motion to dismiss with respect to the allegations that Defendants violated the FMLA when they discriminated against and wrongfully terminated Plaintiff as it is clear from the face of Plaintiff's complaint that she has failed to establish a prima facie case with respect to these claims.

■ In the Third Circuit, claims brought under Section 2615(a)(2) of the FMLA are analyzed according to the McDonnell Douglas burden-shifting framework. (*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 n. 13, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *Churchill v. Star Enterprises*, 183 F.3d 184 (3d Cir. 1999); *Cohen v. Pitcairn Trust Co.*, 2001 WL 873050, 2001 U.S. Dist. LEXIS 10876 (E.D.Pa.2001); *Baltuskonis v. U.S. Airways*, 60 F.Supp.2d 445, at 448 (E.D.Pa. 1999); *Voorhees v. Time Warner Cable Nat'l Div.*, 1999 WL 673062, 1999 U.S. Dist. LEXIS 13227 (E.D.Pa.1999); *Holmes v. Pizza Hut of America.*, 1998 WL 564433, 1997 U.S. Dist. LEXIS 13787 (E.D.Pa.1998). Within this framework, a plaintiff must show that: (1) she is protected under the FMLA; (2) she suffered an adverse employment action; and (3) that a causal connection exists between the adverse employment action and the plaintiff's exercise of her rights under the FMLA. *Baltuskonis v. U.S. Airways*, 60 F.Supp.2d 445, at 448.

Plaintiff has not met the first requirement. Because Plaintiff was not qualified for her job at the time of her termination, she has not shown that she suffered an adverse employment action. *Clark v. Germantown*, 2001 WL 122221, 2001 U.S. Dist. LEXIS 1221 (E.D.Pa.2001) (stating that as part of prima facie case, Plaintiff must show she was qualified for her position at the time of the adverse employment action); *Hodgens v. General Dynamics Corp.*, 144 F.3d 151 (1st Cir.1998) (stating same); 29 C.F.R. § 825.214(b) (stating that if "the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA.")

■ Plaintiff availed herself of her leave rights and upon returning to work, informed her employer of the following restrictions: (1) an eight hour work day and (2) no travel with the exception of the trips to and from work. Since she was unable to fulfill an essential function of her job, that is, traveling throughout the northeastern United States, and was thus not qualified for her position, she did not suffer an adverse employment action under the FMLA. Accordingly, the court grants the motion to dismiss with respect to the claims of discrimination and wrongful termination and dismisses Count I of the complaint in its entirety.

B. *Counts II & III: Violations of the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA).*

Plaintiff next alleges that Defendants violated her rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (ADA) and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et. seq.* (PHRA) when it discriminated against her based on her disability, retaliated against her, and terminated her employment. It is well-established that the Pennsylvania courts have interpreted the PHRA using the same legal standards of the ADA. *Kelly v. Drexel University*, 94 F.3d 102 (3d Cir.1996); *Gomez v. Allegheny Health Servs.*, Inc., 71 F.3d 1079, 1083–84 (3d Cir.1995); *See Also, Fehr v. McLean*

*Packaging Corp.*, 860 F.Supp. 198, 200 (E.D.Pa.1994). (stating the PHRA definition of "handicap or disability" is co-extensive with the definition of "disability" under the ADA).

■ To establish a prima facie case of discrimination under the ADA and PHRA, a plaintiff must show that: (1) she is disabled within the meaning of the law; (2) she is otherwise qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (3) she has suffered an otherwise adverse employment decision as a result of the discrimination. *See, Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 142 (3d Cir.1998) (en banc); *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir.1998). Defendants seek to dismiss Counts II and III on the sole basis that Plaintiff has failed to meet the first prong because she is not disabled within the meaning of the ADA.

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of the individual."[1] 42 U.S.C. § 12102(2). To bring a claim under the ADA and PHRA, Plaintiff must allege that she has "a physical or mental impairment that substantially limits one or more major life activities of the individual." According to Defendants, Plaintiff is not disabled because the only impairment from which she suffers is her inability to work longer than eight hours per day and to travel for work.

---

1. The Code of Federal Regulations further clarifies this definition. It defines a "physical impairment" as "any physiological disorder, or condition ... affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine." 29 C.F.R. § 1630.2(h)(1).

The Code also defines "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hear-

ing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

The Code defines "substantially limits" to mean "(i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the conditions, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity." 29 C.F.R. § 1630.2(j).

They argue that because these limitations do not substantially limit any major life activity, she is not disabled within the meaning of the ADA and PHRA.

While the court finds that Defendants' reading of the statutory requirements of the ADA is sound, we disagree with their reading of the Complaint. The Complaint clearly states Plaintiff's disability as fibromyalgia and chronic fatigue syndrome. In addition, Exhibits A and E, physicians' letters to Defendants, written on October 5, 1999 and February 7, 2000 respectively, clearly explain that Plaintiff's condition is fibromyalgia and chronic fatigue syndrome and that her resulting disability consists of more than work-related restrictions. Moreover, the Complaint suggests that Defendants continually were aware of Plaintiff's symptoms. At the Defendants' request, Plaintiff, from June 22, 1999 through June 2000, sent a "Physician's Statement" to the Defendants each month.

█ Thus, the issue in deciding whether to dismiss Counts II and III is whether her fibromyalgia and chronic fatigue syndrome, not her work-related limitations, constitute a disability. Plaintiff avers in her Complaint that she is disabled within the meaning of the ADA and, by standards governing 12(b)(6) motions, has pled sufficient facts to support that assertion. Plaintiff has stated that her physical impairment is fibromyalgia and chronic fatigue syndrome and that her symptoms included, but were not limited to "chronic fatigue, body aches and pains, headaches, nausea, palpitations, lightheadedness, and insomnia" (Plaintiff's Complaint at 3). She also has alleged that her symptoms "intensified to the point that they were interfering with her major life functions, including her work" (Plaintiff's Complaint at 3). Evaluated in the light most favorable to the Plaintiff, the Complaint is sufficient to satisfy the disability element of a claim under the ADA and the PHRA.

Because there is a set of facts under which the Plaintiff could be granted relief under the ADA and PHRA, Defendants' motion to dismiss Counts II and III is denied.

An order follows.

## ORDER

AND NOW, this day of December, 2001, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint, Plaintiff's Answer thereto and Defendant's Reply Brief, it is hereby ORDERED that Defendants' Motion is GRANTED IN PART and DENIED IN PART and Count I of Plaintiff's Complaint is DISMISSED with prejudice.