NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1769
_____

STACY A. NABER,
                              Appellant

v.

DOVER HEALTHCARE ASSOCIATES INC.,
a DE corporation
d/b/a Silverlake Center
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-09-cv-00946)
District Judge: Honorable Mary Pat Thynge
_____

Submitted Under Third Circuit LAR 34.1(a)
March 19, 2012

Before:  RENDELL, FISHER and CHAGARES, Circuit Judges

(Opinion Filed: April 2, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Stacy Naber appeals an order granting summary judgment in favor of her former

employer, Dover Healthcare Associates, Inc., d/b/a/ Silver Lake Center ("Silver Lake"),

which dismissed her claims alleging violations of the Family Medical Leave Act, 29

U.S.C. § 2601, *et seq.* ("FMLA") and the Americans with Disabilities Act, 42 U.S.C. §

12101, *et seq.* ("ADA"). We will affirm.

**I.**

Naber worked as a Recreation Assistant at Silver Lake, a nursing home facility,

under the direct supervision of Erin Mueller. In January 2009, Naber complained to

several supervisors and human resource representatives that she was stressed from

increased responsibilities. When Naber approached Mueller about the possibility of

working a reduced schedule, Mueller told Naber that she should have discussed the need

for a reduced schedule with Mueller, not with human resources. Naber submitted a

request on March 1, 2009, for vacation on March 23-26, 2009, which was approved.

On March 3, 2009, Mueller reprimanded Naber for wearing jeans to work, and

issued her a written notice for violating the dress code policy. Naber expressed concern

to Silver Lake's administrator James Adams that Mueller was nit-picking her and she

requested time off for March 9-13, 2009. Mueller approved the leave request.

On March 10, 2009, Naber was diagnosed with depression by Maryellen

Carbaugh, a Licensed Professional Counselor of Medical Health. Carbaugh indicated in

her report that Naber needed FMLA leave because of "stress at work due to hostile

environment." (App. 61). Naber requested intermittent FMLA leave so that she could

attend one hour counseling sessions for alleged depression, as well as regular medical

appointments once a week. Adams approved this request.

Naber returned to work on March 15, 2009. That day, she failed to conduct an

activity she was scheduled to lead. Mueller issued Naber a warning. According to

2

Naber, Mueller then stated, "Just because you're on FMLA doesn't mean you are on light duty, you still have to do the work." (App. 67). Naber also asserts that later that day, Mueller told Naber that she was "being watched." (App. 67).

On March 29, 2009, Naber was performing room visits with several residents. Naber entered into what she believed was the room of Resident A, a non-vocal African American male resident. However, the resident she visited was not Resident A, but another non-vocal African American male. Naber recorded her visit on the chart for Resident A, yet Resident A was in the hospital that day.

Mueller advised Adams of the inaccurate documentation, and Adams commenced an investigation into the matter. Two other residents that Naber claims to have met with one-on-one that day, Resident B and Resident C, denied that such meetings took place. When confronted, Naber insisted that she met with Resident A and when she was told that Resident A was in the hospital, she suggested that he might have returned for a few hours to Silver Lake.

After the investigation, Adams suspended Naber, concluding that she had falsified the activity log for Resident A. On April 1, 2009, he terminated her employment. Naber sued, claiming she was terminated because of her request for FMLA leave and/or her disability. The District Court granted summary judgment to the Appellee with respect to both the FMLA claim and the ADA claim.

3

## II.[1]

## A. FMLA Claim

Naber argues that she was fired from her job in retaliation for filing a leave request under the FMLA. This claim is governed by the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Initially, the plaintiff bears the burden of establishing a prima facie case of discrimination or retaliation. To establish a prima facie case of FMLA retaliation, Naber must show that: "(1) plaintiff availed herself of a protected right under the FMLA; (2) plaintiff suffered an adverse employment action; and (3) there was a causal connection between the employee's protected activity and the employer's adverse employment action." *Schlifke v. Trans World Entm't Corp.*, 479 F. Supp. 2d 445, 452 (D. Del. 2007); *see also Conshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004). If the plaintiff succeeds in doing so, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action." *Bearley v. Friendly Ice Cream Corp.*, 322 F. Supp. 2d 563, 571 (M.D. Pa. 2004); *see also Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994) (applying *McDonnell Douglas* test in Title VII context). When that burden is met, the burden shifts back to the plaintiff to show that the employer's stated reason is

---

[1] The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over this appeal from an order granting summary judgment. Thus, we must determine whether there is a genuine issue of material fact for trial. In doing this, we must view all facts and draw all reasonable inferences in favor of the non-movant, take as true all allegations of the non-movant that conflict with those of the movant, and resolve all doubts against the movant. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985).

pretextual.  *Baltuskonis v. US Airways, Inc.*, 60 F. Supp. 2d 445, 448 (E.D. Pa. 1999); *see also Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1067 (3d Cir. 1996) (applying *McDonnell Douglas* test in Title VII context).

We agree with the District Court that Appellant failed to make out a prima facie case because she did not submit sufficient evidence of a causal connection between the protected activity and the adverse employment action.  We do not believe Mueller's isolated statement that Naber was not on "light duty"—made after Naber admittedly failed to perform a job duty—is enough for a jury to find a casual connection between the FMLA request and ultimate termination.  Naber's reprimand for wearing jeans to work predated her invocation of FMLA rights and therefore is not evidence of retaliation.  Furthermore, Appellant's contention that Adams was upset by Carbaugh's reference to "stress at work due to hostile environment" in her medical report—even her claim that he tried to get those words removed—does not support an inference that Adams was upset *because* Naber requested FMLA leave.  Naber offers no evidence that Adams sought to prevent Naber from receiving FMLA leave.  Naber's leave request was granted.  Therefore, we hold that the Appellant failed to establish a prima facie case of retaliation.

Even if Appellant could establish a prima facie case of FMLA retaliation, we would affirm because the Appellee asserts a non-discriminatory reason for firing Naber and Naber failed to offer sufficient evidence to show that the Appellee's reasoning is actually a pretext for discrimination.  To establish pretext, the Appellant must offer evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was

5

more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 764. However, the plaintiff must provide evidence that the employer's decision was more than just wrong or mistaken since the allegation is that discriminatory animus was a motivating factor in the decision. *Keller v. Orix Credit Alliance*, *Inc.*, 130 F.3d 1101, 1108-09 (3d Cir. 1997) (en banc).

Appellant cites several other employees who misidentified residents or accidentally erred in filling out charts with no disciplinary repercussions, including herself earlier in her employment. The Appellant's claim is insufficient as a matter of law to show that the employer's reasons for firing Naber were pretextual. We agree with the District Court that these other employees are not appropriate comparators.

Naber also claims that Residents B and C were mentally handicapped and that Adams's reliance on their statement demonstrates that his proffered reason for firing her is a pretext for discrimination. We disagree. Naber does not allege that Adams was aware of the mental capacities of Residents B and C at the time he made the decision to terminate Naber. "To discredit the employer's proffered reason, . . . the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Fuentes*, 32 F.3d at 765. Since there is no allegation or evidence that Adams was aware of these facts when deciding to terminate Naber, they cannot be considered in evaluating whether the decision was discriminatory.

6

**B. ADA Claim**

For reasons similar to those described in Part A above, the Appellant's claim of ADA discrimination fails. Appellant fails to produce sufficient evidence of a prima facie case of disability discrimination. Mainly, Naber fails to offer evidence supporting an inference of a causal connection between her disability and the adverse employment action. Moreover, the Appellant does not offer sufficient evidence from which a reasonable jury could find pretext for discrimination based on Appellant's disability in Silver Lake's reason for Naber's termination. Thus, we agree with the District Court's grant of summary judgment in favor of the Appellee with respect to the ADA claim.

## III.

For the foregoing reasons, we will affirm the order of the District Court.