# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2021

Lyle W. Cayce
Clerk

No. 19-30668

Curtis A. Fletcher,

*Plaintiff—Appellant*,

*versus*

Louisiana Department of Transportation and
Development,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-860

Before Southwick, Costa, and Duncan, *Circuit Judges*.

Per Curiam:[*]

The district court dismissed Curtis Fletcher's disability discrimination suit as untimely. Fletcher was fired in 2014 but did not file his Rehabilitation Act claim until 2018. He thus brought the claim far too late if this is the usual situation in which the Rehabilitation Act "borrow[s] a

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

limitation period from state law." *Frame v. City of Arlington*, 657 F.3d 215, 236 (5th Cir. 2011) (en banc). The relevant Louisiana statute of limitations is one year. La. Civ. Code art. 3492.

Fletcher argues, however, that federal law's catchall four-year limitations period instead applies. That statute of limitations applies to a "civil action arising under an Act of Congress enacted after" December 1, 1990. 28 U.S.C. § 1658(a). The Supreme Court has said this provision applies when the plaintiff's claim "was made possible by a post-1990 enactment." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). While the Rehabilitation Act was enacted in 1973, Fletcher argues that his claim was made possible by the ADA Amendments Act of 2008, which also applies to Rehabilitation Act claims. *Soledad v. U.S. Dep't of the Treasury*, 304 F.3d 500, 503 (5th Cir. 2002 (recognizing the Rehabilitation Act incorporates ADA standards).

Fletcher contends that his impairment—hypertension—could not form the basis for a claim before the 2008 amendments. EEOC regulations and caselaw recognized that hypertension, if severe enough, could have qualified as a disability under the original ADA. 29 C.F.R. § 1630.2(j)(2); *id.* § 1630.2(h)(1) (defining "physical impairment" as a "physiological disorder" affecting, among other vital bodily functions, the "cardiovascular" system); *Oswalt v. Sara Lee Corp.*, 74 F.3d 91, 92 (5th Cir. 1996) (addressing whether a hypertensive disability was "substantially limiting," but not doubting that it could generally qualify as an impairment).

Fletcher also argues that even if pre-2008 law recognized hypertension as a disability, it did not recognize short-term disabilities as qualifying impairments. As a legal question, this would present a closer issue. The 2008 amendments identified and rejected a narrow interpretation *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 185 (2002), had given to the

"substantially limits" requirement for a disability.   P. L. No. 110-325 §§ 2(a)(5)–(7), 2(b)(4)–(5), 122 Stat. 3533, 3554 (2008).   Courts have recognized that the amendments "explicitly" override "the requirement that the impairment be 'permanent or long-term' to qualify as a disability under the ADA."   *Barlia v. MWI Veterinary Supply, Inc.*, 721 F. App'x 439, 445 (6th Cir. 2018); *see Mancini v. City of Providence*, 909 F.3d 32, 40 (1st Cir. 2018) (explaining that the amendments "defenestrated" the pre-ADAAA requirement that an impairment's impact had to be "permanent or long term"); *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 333 (4th Cir. 2014) ("Under the ADAAA and its implementing regulations, an impairment is not categorically excluded from being a disability simply because it is temporary."); *see also* 29 C.F.R. § 1630.2(j)(1)(ix) (stating that "an impairment lasting or expecting to last fewer than six months can be substantially limiting").

But we need not decide whether a claim based on short-term hypertension was "made possible" by the 2008 amendments.   *Jones*, 541 U.S. at 382.   Fletcher's complaint describes a disability of substantial duration.   It rendered him unable to work beginning in May 2014.   In September, he asked to start using nearly a year's worth of accrued leave. The allegations thus describe an impairment that would be substantially limiting into 2015 if not longer.   A claim based on an impairment of that duration was at least "possible" before the ADAAA.   Consequently, the one-year limitation period applies, and Fletcher's suit was filed years too late.

The judgment is AFFIRMED.